UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JASON LEOPOLD AND ) | |
| BUZZFEED INC. ) | |
|         Plaintiffs, ) | |
| ) | Civ. A. No. 1:20-cv-00287 (CJN) |
| v. ) | |
| ) | |
| U.S. DEPARTMENT OF JUSTICE, ) | |
| ) | |
|         Defendant. ) | |

**TWELFTH JOINT STATUS REPORT**

In accordance with the Court's Minute Order dated August 10, 2021, in this Freedom of Information Act ("FOIA") litigation requiring the parties to submit a Joint Status Report every thirty days, the Parties report as follows:

1. This is a FOIA case in which Plaintiffs Jason Leopold and Buzzfeed, Inc., seek records from the U.S. Department of Justice's ("DOJ") Office of the Inspector General ("OIG") pertaining to what Plaintiffs allege was "FBI's investigation into any witting or unwitting collusion between Trump associates and Russian officials regarding the Russian government's effort to interfere in the 2016 Presidential Election. The FBI's investigation is also known under code name Crossfire Hurricane." Compl. ¶ 1, ECF No. 1.

2. Plaintiffs' Complaint contains allegations related to three different FOIA requests:

1) All non-public records, such as intelligence products, interview transcripts and summaries, emails, FBI FD 302 summaries, memos, letters, text messages, exhibits, charts, spreadsheets, that were used by the Office of the Inspector General in the drafting of the December 2019 report: Review of Four FISA Applications and Other Aspects of the FBI's Crossfire Hurricane Investigation.

2) Any and all records, including but not limited to emails, memos, letters, and text messages, sent and received by senior Office of Inspector General personnel mentioning or referring to the report: Review of Four FISA Applications and Other Aspects of the FBI's Crossfire Hurricane Investigation. The timeframe for

1

this request is December 1, 2019 through the date the search for responsive records is conducted.

3) Emails, memos, letters, text messages, mentioning or referring to the FISA investigation, the Nunes Memo, Crossfire Hurricane, Attorney General William Barr, Robert Mueller, Carter Page, John Durham and Christopher Steele and Steele Dossier, Peter Strzok and Donald Trump and Trump Campaign. The timeframe for this request is January 1, 2019 through the date the search for responsive records is conducted.

Compl. ¶ 6.

3. In their first six JSRs, OIG reported that for subpart 1, the December 2019 OIG report entitled "Review of Four FISA Applications and Other Aspects of the FBI's Crossfire Hurricane Investigation," contains approximately 4,612 citations. All of the documents cited in the report are maintained on a classified system(s) and can only be reviewed in a Sensitive Compartmented Information Facility ("SCIF") in OIG's offices. In response to the COVID-19 crisis, OIG was in a maximum telework posture and was only authorizing personnel to go to the office to perform mission critical functions. At the time of the filing of the first six JSRs, OIG did not consider the review of documents in a SCIF in OIG's offices for FOIA processing by an attorney to be a mission critical function. The OIG did, however, approve a single OIG non-attorney staff member already authorized to work in the SCIF to collect all potentially responsive material for this case, either for (1) referral to the relevant components for processing (in the case of material generated by a component other than the OIG), or (2) for sensitivity/classification review (*i.e.*, "consultation," for OIG-generated material).

4. For subpart 1, on November 18, 2020, OIG sent the FBI a disc containing approximately 2.5 GB of potentially responsive material. The OIG later identified additional material and, on January 12, 2021, sent an additional 27 pdf files to the FBI for processing. OIG has been coordinating with the FBI to determine the FBI's schedule for processing this material,

which includes both OIG-generated and FBI-generated material. Regarding the latter, the FBI has determined that there are approximately 3,600 pages to be processed directly by FBI. In the parties' Ninth JSR, OIG reported that the FBI agreed to use its best efforts to process the first 500 pages of this tranche of potentially responsive records by June 18, 2021, and then to continue processing potentially responsive records on a monthly basis at a similar rate to the extent feasible. Accordingly, on June 18, 2021, the FBI provided Plaintiffs with an interim release in which it identified the location in FBI's electronic FOIA Library (The Vault) of 783 responsive referred documents with redactions applied. The FBI provided Plaintiffs with another interim release on July 16, 2021, in which it explained that it had processed 142 pages, was releasing 95 pages to Plaintiff with redactions, and was withholding 47 pages in full. On August 18, 2021, the FBI provided Plaintiffs with another interim release in which it explained that it had processed 465 pages, was releasing 294 pages to Plaintiffs with redactions pursuant to FOIA Exemptions 1, 3, 6, 7(C), and 7(E), and was withholding 171 pages in full pursuant to identified FOIA exemptions. In September, the FBI determined that 501 pages of responsive records previously sent by OIG were most appropriately considered consults rather than direct referrals. Accordingly, the FBI processed those 501 pages, and on September 17, 2021, sent them back to OIG for final processing and direct release. The FBI has reverted back to processing direct referrals sent by OIG. On October 18, 2021, the FBI provided Plaintiffs with another interim release in which it explained that it had processed 331 pages, was releasing 110 pages to Plaintiffs with redactions pursuant to FOIA Exemptions 1, 3, 5, 6, 7(A), and 7(C)-(E), and was withholding 231 pages in full pursuant to identified FOIA exemptions. The FBI will continue to use its best efforts to provide Plaintiffs with monthly releases at a similar rate to the extent feasible.

     5.     As for the OIG-generated portion of the material, the FBI has reported that there

are 11,000 pages of interview transcripts in this tranche of potentially responsive material.[1]  Once the FBI has completed its processing of the 3,600 pages discussed in paragraph 4, the FBI will begin its consultation/sensitivity review of the 11,000 pages of transcripts.  Once OIG begins receiving the results of the requested FBI consultation, OIG will assess its ability to process the material and on what schedule.

6. A small portion of the material potentially responsive to subpart 1 was generated by components other than the FBI and has been sent for referral.  Several transcripts had to be hand delivered due to their level of security classification.  OIG has provided the third-party agency with the material, and was informed that the materials would be returned to OIG by September, 2021.  The third-party agency was delayed in its delivery.  OIG is working with that agency to set a specific date for delivery.

7. Finally, the OIG's single non-attorney staff member has also identified a small percentage of citations in the FISA report that are unclear.  The staffer is working to clarify them through consultation with OIG attorneys, but the process is time-intensive.  OIG will use its best efforts to complete this process by December 31, 2021.

8. For subpart 2, OIG has completed its processing of responsive records.  On May 20, 2021, OIG notified Plaintiffs that it had processed 136 pages of material and released 95 of those pages to Plaintiffs with redactions pursuant to FOIA Exemptions 5, 6, 7(C) and 7(E) (the remaining 41 pages were removed as duplicates).  On July 30, 2021, OIG notified Plaintiffs that it had processed 47 pages of material and released all 47 pages with redactions pursuant to FOIA

---

[1] In prior JSRs, OIG referenced the material sent to FBI for consultation as a "small portion" in comparison to the material it sent to FBI for direct referral.  *See, e.g.*, Eighth Joint Status Report ¶ 6, ECF No. 17. OIG was mistaken -- the opposite is true:  approximately 11,000 pages were submitted to the FBI for consultation, whereas only approximately 3,600 pages were sent for direct referral.

4

Exemption 5 and 6. On September 2, 2021, OIG notified Plaintiffs that it had processed 66 pages of material and was releasing 61 pages with redactions pursuant to Exemptions 3, 5, and 6, and had sent the remaining 5 pages to the Office of Information Policy (2 pages) and the FBI (three pages) for direct response.

9. For subpart 3, the Parties previously reported that they were still conferring about the scope of this request. The Parties have agreed on a process by which they hope to reduce the scope to manageable levels, but are still in the process of negotiating the narrowing of the scope.

10. Pursuant to the Court's August 10, 2021 Minute Order, the Parties will report back to the Court again in 30 days, on **November 22, 2021**, on their progress.

11. At this time, Defendant does not believe an *Open America* motion is likely. The Parties continue to believe that it is premature to propose a summary judgment briefing schedule.

DATE: October 21, 2021          Respectfully submitted,

/s/ *Matthew V. Topic*
Matthew Topic
Merrick Wayne
(E-Mail: foia@loevy.com)
LOEVY & LOEVY
311 N. Aberdeen, Third Floor
Chicago, Illinois 60607
Tel.: (312) 243-5900; Fax: (312) 243-5902
Bar Nos. IL0037 and IL0058

*Counsel for Plaintiffs*

BRIAN M. BOYNTON
Acting Assistant Attorney General

MARCIA BERMAN
Assistant Branch Director, Federal Programs

/s/ *Jonathan D. Kossak*
JONATHAN D. KOSSAK

        Trial Attorney (DC Bar # 991478)
        United States Department of Justice
        Civil Division, Federal Programs Branch
        1100 L Street, NW
        Washington, D.C. 20005
        Tel. (202) 305-0612; Fax (202) 616-8470
        Email:  jonathan.kossak@usdoj.gov

*Counsel for Defendant*