UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JASON LEOPOLD AND ) <br> BUZZFEED INC. ) <br>         Plaintiffs, ) <br>                      ) <br> v.                      ) <br>                      ) <br> U.S. DEPARTMENT OF JUSTICE, ) <br>                      ) <br>         Defendant. ) <br> _____) | Civ. A. No. 1:20-cv-00287 (CJN) |

**TWENTY-SECOND JOINT STATUS REPORT**

In accordance with the Court's Minute Order dated August 10, 2021, in this Freedom of Information Act ("FOIA") litigation requiring the parties to submit a Joint Status Report every thirty days, the Parties report as follows:

1. This is a FOIA case in which Plaintiffs Jason Leopold and Buzzfeed, Inc., seek records from the U.S. Department of Justice's ("DOJ") Office of the Inspector General ("OIG") pertaining to what Plaintiffs allege was "FBI's investigation into any witting or unwitting collusion between Trump associates and Russian officials regarding the Russian government's effort to interfere in the 2016 Presidential Election. The FBI's investigation is also known under code name Crossfire Hurricane." Compl. ¶ 1, ECF No. 1.

2. Plaintiffs' Complaint contains allegations related to three different FOIA requests:

1) All non-public records, such as intelligence products, interview transcripts and summaries, emails, FBI FD 302 summaries, memos, letters, text messages, exhibits, charts, spreadsheets, that were used by the Office of the Inspector General in the drafting of the December 2019 report: Review of Four FISA Applications and Other Aspects of the FBI's Crossfire Hurricane Investigation.

2) Any and all records, including but not limited to emails, memos, letters, and text messages, sent and received by senior Office of Inspector General personnel mentioning or referring to the report: Review of Four FISA Applications and Other Aspects of the FBI's Crossfire Hurricane Investigation. The timeframe for

1

this request is December 1, 2019 through the date the search for responsive records is conducted.

3) Emails, memos, letters, text messages, mentioning or referring to the FISA investigation, the Nunes Memo, Crossfire Hurricane, Attorney General William Barr, Robert Mueller, Carter Page, John Durham and Christopher Steele and Steele Dossier, Peter Strzok and Donald Trump and Trump Campaign. The timeframe for this request is January 1, 2019 through the date the search for responsive records is conducted.

Compl. ¶ 6.

3.      In their first six JSRs, OIG reported that for subpart 1, the December 2019 OIG report entitled "Review of Four FISA Applications and Other Aspects of the FBI's Crossfire Hurricane Investigation," contains approximately 4,612 citations. All of the documents cited in the report are maintained on a classified system(s) and can only be reviewed in a Sensitive Compartmented Information Facility ("SCIF") in OIG's offices. In response to the COVID-19 crisis, OIG was in a maximum telework posture and was only authorizing personnel to go to the office to perform mission critical functions. At the time of the filing of the first six JSRs, OIG did not consider the review of documents in a SCIF in OIG's offices for FOIA processing by an attorney to be a mission critical function. The OIG did, however, approve a single OIG non-attorney staff member already authorized to work in the SCIF to collect all potentially responsive material for this case, either for (1) referral to the relevant components for processing (in the case of material generated by a component other than the OIG), or (2) for sensitivity/classification review (*i.e.*, "consultation," for OIG-generated material).

4.      For subpart 1, on November 18, 2020, OIG sent the FBI a disc containing approximately 2.5 GB of potentially responsive material. The OIG later identified additional material and, on January 12, 2021, sent an additional 27 pdf files to the FBI for processing. OIG is coordinating with the FBI to process this material, which includes both OIG-generated and FBI-

generated material. Regarding the latter, the FBI has determined that there are approximately 3,600 pages to be processed directly by FBI. In the parties' Ninth JSR, OIG reported that the FBI agreed to use its best efforts to process the first 500 pages of this tranche of potentially responsive records by June 18, 2021, and then to continue processing potentially responsive records on a monthly basis at a similar rate to the extent feasible. Accordingly, on June 18, 2021, the FBI provided Plaintiffs with an interim release in which it identified the location in FBI's electronic FOIA Library (The Vault) of 783 responsive referred documents with redactions applied. The FBI provided Plaintiffs with another interim release on July 16, 2021, in which it explained that it had processed 142 pages, was releasing 95 pages to Plaintiff with redactions, and was withholding 47 pages in full. On August 18, 2021, the FBI provided Plaintiffs with another interim release in which it explained that it had processed 465 pages, was releasing 294 pages to Plaintiffs with redactions pursuant to FOIA Exemptions 1, 3, 6, 7(C), and 7(E), and was withholding 171 pages in full pursuant to identified FOIA exemptions. In September, the FBI determined that 501 pages of responsive records previously sent by OIG were most appropriately considered consults rather than direct referrals. Accordingly, the FBI processed those 501 pages, and on September 17, 2021, sent them back to OIG for final processing and direct release. OIG OGC did not receive this tranche of pages until November 3, 2021. In the parties' Thirteenth JSR, OIG stated that it would use its best efforts to process 150 pages by the end of November. OIG did so and informed Plaintiffs on December 1, 2021, that it had sent the material it processed for consultation after identifying equities of other DOJ components and/or federal agencies. OIG informed Plaintiffs on January 5, 2022, that OIG had not yet sent the material for consultation after determining that it was only a portion of one larger document. OIG stated that it anticipated sending the material out for consultation by the end of the month. OIG also informed Plaintiffs in the same January 5 letter

that it had processed another 150 pages of the 501-page tranche, and would continue to use its best efforts to process 150 pages a month until it had fully processed the 501 pages it received from the FBI. In previous JSRs, OIG reported that further consultation with other DOJ components and/or federal agencies appeared unnecessary and that it anticipated completing its review by the end of June. However, due to technical difficulties that delayed this review, OIG prioritized the initial review of the material described in paragraph 9 and was able to send 664 pages and 3 Excel files totaling 8,272 KB out for direct referral. As discussed in paragraph 6, as part of a re-prioritization effort agreed to by Plaintiffs, OIG has put the processing of this tranche on hold while it prioritizes the material referenced in paragraph 6.

5. The FBI has reverted back to processing direct referrals sent by OIG. On October 18, 2021, the FBI provided Plaintiffs with another interim release in which it explained that it had processed 331 pages, was releasing 110 pages to Plaintiffs with redactions pursuant to FOIA Exemptions 1, 3, 5, 6, 7(A), and 7(C)-(E), and was withholding 231 pages in full pursuant to identified FOIA Exemptions. On November 18, 2021, the FBI provided Plaintiffs with another interim release in which it explained that it had reviewed 393 pages and was releasing to Plaintiffs 27 pages with redactions while withholding the remainder after applying FOIA Exemptions 1, 3, 5, 6, 7(A), and 7(C)-(E). On December 17, 2021, the FBI provided Plaintiffs with another interim release in which it explained that it had reviewed 452 pages and was releasing to Plaintiffs 19 pages with redactions while withholding the remainder after applying FOIA Exemptions 1, 3, 5, 6, and 7(C)-(E). On January 28, 2022, the FBI provided Plaintiffs with another interim release in which it explained that it had reviewed 358 pages and was releasing to Plaintiffs 2 pages with redactions while withholding the remainder after applying FOIA Exemptions 1, 3, 5, 6, and 7(C)-(E). On February 18, 2022, the FBI provided Plaintiffs with another interim release in which it

explained that it had reviewed 265 pages and was withholding all 265 pages pursuant to FOIA Exemptions 1, 3, 5, 6, and 7(C)-(E). The FBI provided its last interim release of the approximately 3,600 pages identified in paragraph 4, above, on March 18, 2022. The FBI explained that it had reviewed 292 pages and was releasing to Plaintiffs 2 pages with redactions while withholding the remainder after applying FOIA Exemptions 1, 3, 5, 6, and 7(C)-(E). OIG provided FBI an additional 776 pages on March 2, 2022. FBI began processing those materials and, as anticipated in prior JSRs, provided its first release to Plaintiffs on July 18, 2022. The FBI explained that it had reviewed 154 pages and was releasing to Plaintiffs 52 pages with redactions while withholding the remainder after applying FOIA Exemptions 1, 3, 5, 6, and 7(C)-(E). As discussed in paragraph 6, as part of a re-prioritization effort agreed to by Plaintiffs, FBI has put on hold the processing of the remainder of OIG's consultation packages as referenced in this paragraph while it prioritizes the material referenced in paragraph 6.

6. OIG has also identified a tranche of approximately 6,300 pages of potentially responsive records that are simultaneously being processed in a separate matter, *Citizens United et al. v. U.S. Department of Justice*, No. 1:20-cv-00974-CKK (D.D.C.). These records have been sent to FBI for consultation and sensitivity review as part of the processing of records in the *Citizens United* litigation. The parties have agreed to prioritize a subset of these materials related to 11 specific individuals, totaling approximately 3,633 pages of material. As discussed in prior paragraphs, OIG and FBI have agreed to put on hold various other processing efforts in this case in order to finalize the processing of this material. OIG will release nonexempt material on a rolling basis when each individual's associated material is fully processed, including all consultations. This re-prioritization of materials will allow OIG, starting in September 2022, to employ additional resources and use its best efforts to increase its processing output to 250 pages

per month, depending on the complexity of the material. Given the pace of OIG's progress, FBI has agreed to use its best efforts to process 300 pages per month starting in August 2022.

7. As for the OIG-generated portion of the material referenced in paragraph 4, above, the FBI has reported that there are 11,000 pages of interview transcripts in this tranche of potentially responsive material. The parties are in the midst of negotiations over possible methods of managing the processing of this tranche of material in a reasonable manner, but have put that effort on hold in light of the re-prioritization of materials in paragraph 6.

8. A small portion of the material potentially responsive to subpart 1 was generated by components other than the FBI and has been sent for referral. Several transcripts had to be hand delivered due to their level of security classification. OIG provided the third-party agency with the material, and was initially informed that the materials would be returned to OIG by September, 2021. The third-party agency reassessed its estimate in November due to the highly sensitive nature of the documents at issue and agreed to use its best efforts to return the materials to OIG by the end of January 2022. However, the material has proven to require close, careful, and time-consuming review by multiple subject matter experts. The third-party agency is using its best efforts to begin returning material back to OIG on a rolling basis. It returned the first set of material—22 pages in total—in March 2022. It returned another 295 pages to OIG in July 2022.

9. Finally, the OIG's single non-attorney staff member identified a small percentage of citations in the FISA report that are unclear. The staffer worked to clarify them through consultation with OIG attorneys. The process was time-intensive. OIG completed this process has been processing the material. On March 2, 2022, OIG referred 776 pages to the FBI, *see supra* ¶ 5; 180 pages to DOJ's Office of Information Policy (OIP); and 19 pages to DOJ's Criminal Division. On March 9, 2022, OIG referred 471 pages to NSD and sent 9 pages to FBI for consult.

In May and June 2022, OIG sent as a direct referral 649 pages and 3 Excel files totaling 8,272 KB to the FBI (as well as 4 pages for consult), and 15 pages to the Department of State.

10. For subpart 2, OIG has completed its processing of responsive records. On May 20, 2021, OIG notified Plaintiffs that it had processed 136 pages of material and released 95 of those pages to Plaintiffs with redactions pursuant to FOIA Exemptions 5, 6, 7(C) and 7(E) (the remaining 41 pages were removed as duplicates). On July 30, 2021, OIG notified Plaintiffs that it had processed 47 pages of material and released all 47 pages with redactions pursuant to FOIA Exemption 5 and 6. On September 2, 2021, OIG notified Plaintiffs that it had processed 66 pages of material and was releasing 61 pages with redactions pursuant to Exemptions 3, 5, and 6, and had sent the remaining 5 pages to the Office of Information Policy (2 pages) and the FBI (three pages) for direct response.

11. For subpart 3, the Parties previously reported that they were still conferring about the scope of this request. The Parties have agreed to narrow the scope of this request. OIG will begin processing this material once it has completed processing materials response to subpart 1.

12. Pursuant to the Court's August 10, 2021 Minute Order, the Parties will report back to the Court again in 30 days, on **September 26, 2022**, on their progress.

13. At this time, Defendant does not believe an *Open America* motion is likely. The Parties continue to believe that it is premature to propose a summary judgment briefing schedule.

DATE: August 25, 2022                               Respectfully submitted,

/s/ *Josh Loevy*
Josh Loevy, D.C. Bar No. IL0105
(E-Mail: foia@loevy.com)
LOEVY & LOEVY
311 N. Aberdeen, Third Floor
Chicago, Illinois 60607

Tel.: (312) 243-5900
Fax: (312) 243-5902

*Counsel for Plaintiffs*

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

MARCIA BERMAN
Assistant Branch Director, Federal Programs

/s/ *Jonathan D. Kossak*
JONATHAN D. KOSSAK
Trial Attorney (DC Bar # 991478)
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, D.C. 20005
Tel. (202) 305-0612; Fax (202) 616-8470
Email:  jonathan.kossak@usdoj.gov

*Counsel for Defendant*