## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| JASON LEOPOLD AND | ) | |
| BUZZFEED INC. | ) | |
| Plaintiffs, | ) | |
| | ) | Civ. A. No. 1:20-cv-00287 (CJN) |
| v. | ) | |
| | ) | |
| U.S. DEPARTMENT OF JUSTICE, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

### FORTY-SIXTH JOINT STATUS REPORT

In accordance with the Court's Minute Order dated August 10, 2021, in this Freedom of Information Act ("FOIA") litigation requiring the parties to submit a Joint Status Report every thirty days, the Parties report as follows:

1.      This is a FOIA case in which Plaintiffs Jason Leopold and Buzzfeed, Inc., seek records from the U.S. Department of Justice's ("DOJ") Office of the Inspector General ("OIG") pertaining to what Plaintiffs allege was "FBI's investigation into any witting or unwitting collusion between Trump associates and Russian officials regarding the Russian government's effort to interfere in the 2016 Presidential Election.  The FBI's investigation is also known under code name Crossfire Hurricane."  Compl. ¶ 1, ECF No. 1.

2.      Plaintiffs' Complaint contains allegations related to one FOIA request with three subparts:

> 1) All non-public records, such as intelligence products, interview transcripts and summaries, emails, FBI FD 302 summaries, memos, letters, text messages, exhibits, charts, spreadsheets, that were used by the Office of the Inspector General in the drafting of the December 2019 report: Review of Four FISA Applications and Other Aspects of the FBI's Crossfire Hurricane Investigation.

> 2) Any and all records, including but not limited to emails, memos, letters, and text messages, sent and received by senior Office of Inspector General personnel

mentioning or referring to the report: Review of Four FISA Applications and Other Aspects of the FBI's Crossfire Hurricane Investigation. The timeframe for this request is December 1, 2019 through the date the search for responsive records is conducted.

3) Emails, memos, letters, text messages, mentioning or referring to the FISA investigation, the Nunes Memo, Crossfire Hurricane, Attorney General William Barr, Robert Mueller, Carter Page, John Durham and Christopher Steele and Steele Dossier, Peter Strzok and Donald Trump and Trump Campaign. The timeframe for this request is January 1, 2019 through the date the search for responsive records is conducted.

Compl. ¶ 6.

3.     In their first six JSRs, OIG reported that for subpart 1, the December 2019 OIG report entitled "Review of Four FISA Applications and Other Aspects of the FBI's Crossfire Hurricane Investigation," ("FISA" or "Crossfire Hurricane" Report) contains approximately 4,612 citations.  All of the documents cited in the report are maintained on a classified system(s) and can only be reviewed in a Sensitive Compartmented Information Facility ("SCIF") in OIG's offices. In response to the COVID-19 crisis, OIG was in a maximum telework posture and was only authorizing personnel to go to the office to perform mission critical functions.  At the time of the filing of the first six JSRs, OIG did not consider the review of documents in a SCIF in OIG's offices for FOIA processing by an attorney to be a mission critical function.  The OIG did, however, approve a single OIG non-attorney staff member already authorized to work in the SCIF to collect all potentially responsive material for this case, either for (1) referral to the relevant components for processing (in the case of material generated by a component other than the OIG), or (2) for sensitivity/classification review (*i.e.*, "consultation," for OIG-generated material).

4.     For subpart 1, on November 18, 2020, OIG sent the FBI a disc containing approximately 2.5 GB of potentially responsive material.  The OIG later identified additional material and, on January 12, 2021, sent an additional 27 pdf files to the FBI for processing.  OIG

is coordinating with the FBI to process this material, which includes both OIG-generated and FBI-generated material.  Regarding the latter, the FBI has determined that there are approximately 3,600 pages to be processed directly by FBI.  In the parties' Ninth JSR, OIG reported that the FBI agreed to use its best efforts to process the first 500 pages of this tranche of potentially responsive records by June 18, 2021, and then to continue processing potentially responsive records on a monthly basis at a similar rate to the extent feasible.  Accordingly, on June 18, 2021, the FBI provided Plaintiffs with an interim release in which it identified the location in FBI's electronic FOIA Library (The Vault) of 783 responsive referred documents with redactions applied.  The FBI provided Plaintiffs with another interim release on July 16, 2021, in which it explained that it had processed 142 pages, was releasing 95 pages to Plaintiff with redactions, and was withholding 47 pages in full.  On August 18, 2021, the FBI provided Plaintiffs with another interim release in which it explained that it had processed 465 pages, was releasing 294 pages to Plaintiffs with redactions pursuant to FOIA Exemptions 1, 3, 6, 7(C), and 7(E), and was withholding 171 pages in full pursuant to identified FOIA exemptions.  In September, the FBI determined that 501 pages of responsive records previously sent by OIG were most appropriately considered consults rather than direct referrals.  Accordingly, the FBI processed those 501 pages, and on September 17, 2021, sent them back to OIG for final processing and direct release.  OIG's Office of General Counsel (OGC) did not receive this tranche of pages until November 3, 2021.  In the parties' Thirteenth JSR, OIG stated that it would use its best efforts to process 150 pages by the end of November.  OIG did so and informed Plaintiffs on December 1, 2021, that it had sent the material it processed for consultation after identifying equities of other DOJ components and/or federal agencies.  OIG informed Plaintiffs on January 5, 2022, that OIG had not yet sent the material for consultation after determining that it was only a portion of one larger document.  OIG stated that it anticipated

sending the material out for consultation by the end of the month.  OIG also informed Plaintiffs in the same January 5 letter that it had processed another 150 pages of the 501-page tranche, and would continue to use its best efforts to process 150 pages a month until it had fully processed the 501 pages it received from the FBI.  In previous JSRs, OIG reported that further consultation with other DOJ components and/or federal agencies appeared unnecessary and that it anticipated completing its review by the end of June.  However, due to technical difficulties that delayed this review, OIG prioritized the initial review of the material described in paragraph 9 and was able to send 664 pages and 3 Excel files totaling 8,272 KB out for direct referral.  As discussed in paragraph 6, as part of a re-prioritization effort agreed to by Plaintiffs, OIG has put the processing of this tranche on hold while it prioritizes the material referenced in paragraph 6.

5.      The FBI then reverted back to processing direct referrals sent by OIG.  On October 18, 2021, the FBI provided Plaintiffs with another interim release in which it explained that it had processed 331 pages, was releasing 110 pages to Plaintiffs with redactions pursuant to FOIA Exemptions 1, 3, 5, 6, 7(A), and 7(C)-(E), and was withholding 231 pages in full pursuant to identified FOIA Exemptions.  On November 18, 2021, the FBI provided Plaintiffs with another interim release in which it explained that it had reviewed 393 pages and was releasing to Plaintiffs 27 pages with redactions while withholding the remainder after applying FOIA Exemptions 1, 3, 5, 6, 7(A), and 7(C)-(E).  On December 17, 2021, the FBI provided Plaintiffs with another interim release in which it explained that it had reviewed 452 pages and was releasing to Plaintiffs 19 pages with redactions while withholding the remainder after applying FOIA Exemptions 1, 3, 5, 6, and 7(C)-(E).  On January 28, 2022, the FBI provided Plaintiffs with another interim release in which it explained that it had reviewed 358 pages and was releasing to Plaintiffs 2 pages with redactions while withholding the remainder after applying FOIA Exemptions 1, 3, 5, 6, and 7(C)-

(E).  On February 18, 2022, the FBI provided Plaintiffs with another interim release in which it explained that it had reviewed 265 pages and was withholding all 265 pages pursuant to FOIA Exemptions 1, 3, 5, 6, and 7(C)-(E).  The FBI provided its last interim release of the approximately 3,600 pages identified in paragraph 4, above, on March 18, 2022.  The FBI explained that it had reviewed 292 pages and was releasing to Plaintiffs 2 pages with redactions while withholding the remainder after applying FOIA Exemptions 1, 3, 5, 6, and 7(C)-(E).  OIG provided FBI an additional 776 pages on March 2, 2022.  FBI began processing those materials and provided its first release to Plaintiffs on July 18, 2022.  The FBI explained that it had reviewed 154 pages and was releasing to Plaintiffs 52 pages with redactions while withholding the remainder after applying FOIA Exemptions 1, 3, 5, 6, and 7(C)-(E).  As discussed in paragraph 6, *infra*, as part of a re-prioritization effort agreed to by Plaintiffs, FBI has put on hold the processing of the remainder of OIG's referral packages as referenced in this paragraph while it prioritizes the material referenced in paragraph 6.

6.      OIG has also identified a tranche of approximately 7,897 pages of potentially responsive records that are simultaneously being processed in a separate matter, *Citizens United et al. v. U.S. Department of Justice*, No. 1:20-cv-00974-CKK (D.D.C.).[1]  With the exception of the additional identified transcripts and sets of notes referenced in paragraph 8 below, these records have been sent to FBI for consultation and sensitivity review as part of the processing of records in the *Citizens United* litigation.  The parties have agreed to prioritize a subset of these materials related to 11 specific individuals, totaling approximately 3,698 pages of material.  As discussed in prior paragraphs, OIG and FBI have agreed to put on hold various other processing efforts in this

---

[1] The page counts in this paragraph were updated in the Thirty-Second JSR, DE 44, based on an OIG recount of potentially responsive pages.  OIG identified an additional 12 pages in the Thirty-Fifth JSR, DE 48, that it had missed in its earlier recount.

case in order to finalize the processing of this material.  OIG will release nonexempt material on a rolling basis when each individual's associated material is fully processed, including all consultations.  OIG had been using its best efforts to process at a rate of 250 pages per month, but OIG reports that the OIG OGC experienced a reduction in its workforce in June 2023 and currently has a single processor with sufficient experience and security clearance for this case and other complex FOIA-related case work.  For this reason, OIG expects that it can process the records returned by FBI at a maximum rate of 150 pages per month at the current time.  On February 3, 2023, OIG released to Plaintiffs the non-exempt portions of 460 pages of material related to Loretta Lynch, Kathleen Kavalec, Lisa Page, and Nellie Ohr.

7.     On April 2, 2024, OIG released to Plaintiffs the non-exempt portions of 229 pages of material related to Andrew Weissmann.  OIG has completed its initial processing and second-level review of material related to Bruce Swartz and Zainab Ahmad.  OIG is awaiting the return of consultations for Swartz and Ahmad, has been diligently following up with the consulting agency(ies)/component(s), and will produce the non-exempt portions of those records to Plaintiffs following the completion of the consultation process.[2]  OIG is currently processing material related to Christopher Steele, E.W. Priestap and Peter Strzok.  If OIG identifies equities of other Executive branch agencies and/or DOJ components in these materials, OIG will have to submit those for consultation.  The FBI will resume processing the priority materials once it receives the additional transcripts and sets of notes referenced in paragraph 8.  In the meantime, FBI returned 303 pages to OIG on August 30, 2023, all of which was responsive to both this case and the *Citizens United*

---

[2] On August 3, 2023, OIG received 164 pages of material related to Zainab Ahmad back from a consulting agency/component.  OIG submitted that material to one other agency/component for consultation on August 30, 2023, and received it back on September 14, 2023.  OIG then submitted the material to a third agency/component on September 19, 2023.  As for material related to Bruce Swartz, on January 10, 2024, OIG received 28 pages back from a consulting agency/component.

litigation.  On September 30, 2023, FBI returned to OIG 152 pages of records responsive to both cases.

8.      As for the OIG-generated portion of the material referenced in paragraph 4, *supra*, the FBI has reported that there are 11,000 pages of interview transcripts in this tranche of potentially responsive material.  Given the pace of OIG's progress due to its reduction in workforce, FBI agreed to use its best efforts to process 150 pages per month during the months of June and July 2023, which it did, returning 150 pages to OIG on July 12, 2023 and returning 150 pages to OIG on July 31, 2023.  Going forward, to the extent FBI is waiting to receive materials referenced in paragraph 6, it will process materials referenced in this paragraph.  On March 28, 2024, FBI returned to OIG 153 pages of records.  On April 30, 2024, FBI returned to OIG 165 pages of records. FBI returned tranches of 150 pages of records to OIG on May 31, 2024; July 2, 2024; July 29, 2024; and August 30, 2024.

9.      A small portion of the material potentially responsive to subpart 1 was generated by components other than the FBI and has been sent for referral.  Several transcripts had to be hand delivered due to their level of security classification.  OIG provided the third-party agency with the material, and was initially informed that the materials would be returned to OIG by September, 2021.  The third-party agency reassessed its estimate in November 2021 due to the highly sensitive nature of the documents at issue and agreed to use its best efforts to return the materials to OIG by the end of January 2022.  However, the material has proven to require close, careful, and time-consuming review by multiple subject matter experts.  The third-party agency is using its best efforts to begin returning material back to OIG on a rolling basis.  It returned the first set of material—22 pages in total—in March 2022.  It returned another 295 pages to OIG in July 2022, and 80 pages in November 2022.  OIG has identified additional transcripts and sets of notes

that could not be sent electronically because of their level of classification.  OIG submitted the material to the third-party agency on October 10, 2023.

10.     Finally, the OIG's single non-attorney staff member identified a small percentage of citations in the FISA Report that are unclear.  The staffer worked to clarify them through consultation with OIG attorneys.  The process was time-intensive.  OIG completed this process has been processing the material.  On March 2, 2022, OIG referred 776 pages to the FBI, *see supra* ¶ 5;[3] 180 pages to DOJ's Office of Information Policy (OIP);[4] and 19 pages to DOJ's Criminal Division.  On March 9, 2022, OIG referred 471 pages to NSD and sent 9 pages to FBI for consult.  In May and June 2022, OIG sent as a direct referral 649 pages and 3 Excel files totaling 8,272 KB

---

[3] On October 31, 2023, the FBI notified Plaintiffs that it had processed 95 pages of records from this 776-page tranche, released to Plaintiffs 22 pages with redactions pursuant to FOIA Exemptions 1, 3, 5, 6, 7(C), and 7(E), and withheld the remaining 73 pages for referral/consult.  On November 30, 2023, the FBI notified Plaintiffs that it had processed an additional 152 pages of records from this tranche, released to Plaintiffs 3 pages with redactions pursuant to FOIA Exemptions 1, 3, 6, 7(C), 7(D) and 7(E), withheld 148 pages for further referral/consult, and withheld 1 page pursuant to FOIA Exemptions 1, 3, 6, 7(C), 7(D), and 7(E).  On December 22, 2023, the FBI notified Plaintiffs that it had processed another 150 pages of records from this tranche, released to Plaintiffs 2 pages with redactions pursuant to FOIA Exemptions 6, 7(C), 7(D), and 7(E), and withheld 148 pages pursuant to FOIA Exemptions 3, 5, 6, 7(C), 7(D), and 7(E).  On January 31, 2024, the FBI notified Plaintiffs that it had processed another 149 pages of records from this tranche, released to Plaintiffs 11 pages with redactions pursuant to FOIA Exemptions 3, 5, 6, 7(C), 7(D), and 7(E), withheld 55 pages in full pursuant to FOIA Exemptions 3, 4, 5, 6, 7(C), 7(D), and 7(E), withheld 54 pages for further referral/consult, and that it did not process 29 pages of duplicates.  On February 29, 2024, the FBI notified Plaintiffs that it had processed 76 pages of records from this tranche, released to Plaintiffs 9 pages with redactions pursuant to FOIA Exemptions 1, 3, 6, 7(C), and 7(E), and withheld the other 67 pages for further referral/consult.

[4] On February 5, 2024, DOJ OIP notified Plaintiffs that it had processed 169 of the 180 pages of records directly referred to it by DOJ OIG, but the remaining 11 pages were still pending consultation.  DOJ OIP further notified Plaintiffs that 73 of the 169 pages were available in OIP's FOIA library, 56 of the 169 pages were being released with redactions pursuant to FOIA Exemptions 1, 3, 5, 6, 7(C), 7(D), and 7(E), 24 of the 169 pages were being withheld in full pursuant to FOIA Exemptions 1, 3, 5, 6, 7(A), 7(C), 7(D), and 7(E), and 16 pages were not processed for release because they were duplicates or blank.

to the FBI (as well as 4 pages for consult), and 15 pages to the Department of State.[5]

11.     For subpart 2, OIG has completed its processing of responsive records.  On May 20, 2021, OIG notified Plaintiffs that it had processed 136 pages of material and released 95 of those pages to Plaintiffs with redactions pursuant to FOIA Exemptions 5, 6, 7(C) and 7(E) (the remaining 41 pages were removed as duplicates).  On July 30, 2021, OIG notified Plaintiffs that it had processed 47 pages of material and released all 47 pages with redactions pursuant to FOIA Exemption 5 and 6.  On September 2, 2021, OIG notified Plaintiffs that it had processed 66 pages of material and was releasing 61 pages with redactions pursuant to Exemptions 3, 5, and 6, and had sent the remaining 5 pages to the Office of Information Policy (2 pages) and the FBI (three pages) for direct response.

12.     For subpart 3, the Parties previously reported that they were still conferring about the scope of this request.  The Parties have agreed to narrow the scope of this request.  OIG will begin processing this material once it has completed processing materials response to subpart 1.

13.     Pursuant to the Court's August 10, 2021 Minute Order, the Parties are to report back to the Court again in 30 days, on **Monday, October 7, 2024**, on their progress.

14.     At this time, Defendant does not believe an *Open America* motion is likely.  The Parties continue to believe that it is premature to propose a summary judgment briefing schedule.

---

[5] On November 2, 2023, the Department of State notified Plaintiffs that it had processed the 15 pages of records and released them to Plaintiffs with redactions pursuant to FOIA Exemptions 1, 3, 5, and 7(E).

DATE:  September 6, 2024

Respectfully submitted,

/s/ *Merrick Wayne*_____
  Matt Topic, D.C. Bar No. IL0037
  Merrick Wayne, D.C. Bar No. IL0058
  Stephen Stich Match, D.C. Bar No.
  MA0044
  (E-Mail:  foia@loevy.com)
LOEVY & LOEVY
311 N. Aberdeen, Third Floor
Chicago, Illinois 60607
Tel.: (312) 243-5900
Fax: (312) 243-5902

*Counsel for Plaintiffs*

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney  General

MARCIA BERMAN
Assistant Branch Director, Federal Programs

/s/ *Michael J. Gerardi*_____
MICHAEL J. GERARDI
Trial Attorney (DC Bar # 1017949)
United States Department of Justice
Civil Division, Federal Programs        Branch
1100 L Street, NW
Washington, D.C. 20005
Tel. (202) 616-0680
Email: michael.j.gerardi@usdoj.gov

*Counsel for Defendant*