**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

JASON LEOPOLD AND      )
BUZZFEED INC.             )
          Plaintiffs,     )
                   )    Civ. A. No. 1:20-cv-00287 (CJN)
    v.               )
                   )
U.S. DEPARTMENT OF JUSTICE,  )
                   )
         Defendant.    )
_____)

**<u>FORTY-NINTH JOINT STATUS REPORT</u>**

In accordance with the Court's Minute Order dated August 10, 2021, in this Freedom of Information Act ("FOIA") litigation requiring the parties to submit a Joint Status Report every thirty days, the Parties report as follows:

1.      This is a FOIA case in which Plaintiffs Jason Leopold and Buzzfeed, Inc., seek records from the U.S. Department of Justice's ("DOJ") Office of the Inspector General ("OIG") pertaining to what Plaintiffs allege was "FBI's investigation into any witting or unwitting collusion between Trump associates and Russian officials regarding the Russian government's effort to interfere in the 2016 Presidential Election.  The FBI's investigation is also known under code name Crossfire Hurricane."  Compl. ¶ 1, ECF No. 1.

2.      Plaintiffs' Complaint contains allegations related to one FOIA request with three subparts:

> 1) All non-public records, such as intelligence products, interview transcripts and summaries, emails, FBI FD 302 summaries, memos, letters, text messages, exhibits, charts, spreadsheets, that were used by the Office of the Inspector General in the drafting of the December 2019 report: Review of Four FISA Applications and Other Aspects of the FBI's Crossfire Hurricane Investigation.
>
> 2) Any and all records, including but not limited to emails, memos, letters, and text messages, sent and received by senior Office of Inspector General personnel

mentioning or referring to the report: Review of Four FISA Applications and Other Aspects of the FBI's Crossfire Hurricane Investigation. The timeframe for this request is December 1, 2019 through the date the search for responsive records is conducted.

3) Emails, memos, letters, text messages, mentioning or referring to the FISA investigation, the Nunes Memo, Crossfire Hurricane, Attorney General William Barr, Robert Mueller, Carter Page, John Durham and Christopher Steele and Steele Dossier, Peter Strzok and Donald Trump and Trump Campaign. The timeframe for this request is January 1, 2019 through the date the search for responsive records is conducted.

Compl. ¶ 6.

3.    Per the Court's order, the parties provide the following status report to apprise the Court of the current status of processing in this case. In an effort to streamline these reports, some of the historical details of the processing efforts in this case to date have been omitted. For a complete history of the processing efforts in this case, see ECF No. 61.

4.    As to subpart 1 of this request, OIG is coordinating with the FBI to process this material, which includes OIG-generated material, FBI-generated material, and a small amount of material generated by other agencies. OIG is currently processing material related to Christopher Steele, E.W. Priestap and Peter Strzok. OIG has completed its initial processing and second-level review of material related to Bruce Swartz and Zainab Ahmad.  OIG is awaiting the return of consultations for Swartz and Ahmad, has been diligently following up with the consulting agency(ies)/component(s), and will produce the non-exempt portions of those records to Plaintiffs following the completion of the consultation process.  If OIG identifies equities of other Executive branch agencies and/or DOJ components in these materials, OIG will have to submit those for consultation.

5.    Regarding the OIG-generated portion of the material referenced above, the FBI has reported that there are 11,000 pages of interview transcripts in this tranche of potentially

responsive material.  Given the pace of OIG's progress due to its reduction in workforce, FBI agreed to use its best efforts to process 150 pages per month during the months of June and July 2023, which it did, returning 150 pages to OIG on July 12, 2023 and returning 150 pages to OIG on July 31, 2023.  Going forward, to the extent FBI is waiting to receive materials referenced in paragraph 6, it will process materials referenced in this paragraph.  On March 28, 2024, FBI returned to OIG 153 pages of records.  On April 30, 2024, FBI returned to OIG 165 pages of records. FBI returned tranches of 150 pages of records to OIG on May 31, 2024; July 2, 2024; July 29, 2024; August 30, 2024; September 30, 2024; October 31, 2024; and November 27, 2024.

6.    The small portion of the material potentially responsive to subpart 1 that was generated by components or agencies other than the FBI and has been sent out for referrals. OIG continues to monitor these referrals.

7.    For subpart 2, OIG has completed its processing of responsive records.  On May 20, 2021, OIG notified Plaintiffs that it had processed 136 pages of material and released 95 of those pages to Plaintiffs with redactions pursuant to FOIA Exemptions 5, 6, 7(C) and 7(E) (the remaining 41 pages were removed as duplicates).  On July 30, 2021, OIG notified Plaintiffs that it had processed 47 pages of material and released all 47 pages with redactions pursuant to FOIA Exemption 5 and 6.  On September 2, 2021, OIG notified Plaintiffs that it had processed 66 pages of material and was releasing 61 pages with redactions pursuant to Exemptions 3, 5, and 6, and had sent the remaining 5 pages to the Office of Information Policy (2 pages) and the FBI (three pages) for direct response.

8.    For subpart 3, the Parties previously reported that they were still conferring about the scope of this request.  The Parties have agreed to narrow the scope of this request.  OIG will begin processing this material once it has completed processing materials response to subpart 1.

9.      Pursuant to the Court's August 10, 2021 Minute Order, the Parties typically report back to the Court every thirty days. By mutual agreement of counsel, the parties will submit the next status report no later than **January 8, 2025.**

10.     At this time, Defendant does not believe an *Open America* motion is likely.  The Parties continue to believe that it is premature to propose a summary judgment briefing schedule.

DATE:  December 9, 2024                     Respectfully submitted,

 /s/ *Merrick Wayne*_____                 BRIAN M. BOYNTON
  Matt Topic, D.C. Bar No. IL0037            Principal Deputy Assistant Attorney  General
  Merrick Wayne, D.C. Bar No. IL0058
  Stephen Stich Match, D.C. Bar No.          MARCIA BERMAN
   MA0044                                     Assistant Branch Director, Federal Programs
  (E-Mail:  foia@loevy.com)
  LOEVY & LOEVY                              /s/ *Michael J. Gerardi*_____
  311 N. Aberdeen, Third Floor               MICHAEL J. GERARDI
  Chicago, Illinois 60607                    Trial Attorney (DC Bar # 1017949)
  Tel.: (312) 243-5900                       United States Department of Justice
  Fax: (312) 243-5902                        Civil Division, Federal Programs        Branch
                                             1100 L Street, NW
  *Counsel for Plaintiffs*                   Washington, D.C. 20005
                                             Tel. (202) 616-0680
                                             Email: michael.j.gerardi@usdoj.gov

                                             *Counsel for Defendant*